## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EKT (KATRANGI BROTHERS)**<br>1st Floor, Grand Hills Building<br>Saiid Khansa St.<br>Beirut, Lebanon<br><br>*Plaintiff*,<br><br>v.<br><br>**ANDREA M. GACKI**<br>**in her official capacity as**<br>**Director of the**<br>**United States Department of the Treasury**<br>**Office of Foreign Assets Control**<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220<br><br>*Defendant*,<br><br>and<br><br>**THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>1500 Pennsylvania Avenue, NW<br>Freedman's Bank Building<br>Washington, D.C. 20220<br><br>*Defendant*. | CIV. No. _____<br><br>COMPLAINT<br><br>ECF |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff EKT (Katrangi Bros.) (herein referred to as "EKT") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of this complaint alleges:

**INTRODUCTION**

1.      For more than 11 months, EKT—the Lebanese equivalent of a local RadioShack—has been targeted by Defendants with punishing sanctions that seek to devastate its business. Defendants have done so without providing notice as to the reasons for its imposition of sanctions. EKT has repeatedly requested notice as to the bases, conclusions, and reasoning so that it may have meaningful opportunity to challenge Defendants' action through OFAC's administrative reconsideration process.   Aside from acknowledging receipt, Defendants have ignored EKT's requests.

2.      The sole notice from OFAC regarding its designation action against EKT took the form of a press release issued on the U.S. Department of the Treasury's public website.   Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, *The United States and France Take Coordinated Action on Global Procurement Network for Syria's Chemical Weapons Program* (July 25, 2018).   This press release stated that OFAC designated EKT for "ha[ving] provided, or attempted to provide, financial, material, technological, or other support for, or goods or services in support of, [Syria's Scientific Studies and Research Center]." *Id*.   OFAC's press release alleged that EKT "is a leading supplier for the SSRC—including goods used in the production of weapons of mass destruction." *Id*.

3.      The press release does not provide OFAC's conclusions and reasoning with respect to the conclusory allegations proffered by the press release in support of OFAC's designation action.

4.      Unable to move forward meaningfully in the administrative reconsideration process absent the conclusions and reasons for its designation, EKT respectfully and reluctantly turns to this Court.   EKT asks solely for this Court to order Defendants to meet their due process obligations,

including by release of the administrative record compiled in support of EKT's designation and any other documents that will fully apprise EKT as to the reasons for its designation.

## JURISDICTION AND VENUE

5. This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

6. This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65.

7. Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

8. EKT is and was at all times relevant to this complaint an entity incorporated in Lebanon. EKT currently resides at 1st Fl., Grand Hills Bldg., Saiid Khansa St., Beirut, Lebanon.

9. On July 25, 2018, EKT was designated under E.O. 13382 and its name was added to the SDN List administered by OFAC.

10. OFAC is a federal administrative agency of the U.S. Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Bldg., Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including, *inter alia*, by designating persons under E.O. 13382 and regulating dealings with them via 31 C.F.R. Part 501 and 544, the "Reporting, Procedures, and Penalties Regulations" and the "Weapons of Mass

Destruction Proliferators Regulations," respectively.  OFAC was responsible for designating EKT under E.O. 13382 via a delegation of authority from the Secretary of the Treasury.

11.     Defendant Andrea M. Gacki is the Director of OFAC.  Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     OFAC's Designation of EKT

12.     On July 25, 2018, OFAC designated EKT under E.O. 13382 for allegedly "ha[ving] provided, or attempted to provide, financial, material, technological, or other support for, or goods or services in support, [Syria's Scientific Studies and Research Center]." Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, *The United States and France Take Coordinated Action on Global Procurement Network for Syria's Chemical Weapons Program* (July 25, 2018). As a result, all of EKT's property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with it.

13.     OFAC's press release announcing EKT's designation alleged that EKT "is an electronics supplier based in Lebanon with operations in Syria, Egypt, China, and France and is a leading supplier for the SSRC—including goods used in the production of weapons of mass destruction." *Id*.  OFAC further alleged in its press release that EKT "uses various aliases and numerous branches to conduct its activities," listing a number of entities over which EKT is alleged to exercise operational control.

### B.     EKT's Request for the Administrative Record

14.     On October 30, 2018, EKT requested OFAC to disclose the administrative record underlying its decision to designate EKT under E.O. 13382.  EKT's request sought the evidentiary memorandum relied upon by OFAC in justifying its designation action; any exhibits or documents

attached to that memorandum; and a detailed unclassified summary of classified or privileged information contained in the administrative record compiled in support of EKT's designation.  The letter informed OFAC that the objective of the request was so that EKT could receive adequate notice as to the reasons for its designation.

15.     On October 30, 2018, OFAC acknowledged its receipt of EKT's request for the administrative record and assigned the request a processing identification number—Case ID NPW-15281.  OFAC stated that EKT's request was "under review" and that the administrative record would be delivered "in a timely manner once it is cleared for disclosure."  EKT has received no further correspondence from OFAC with respect to the request.

16.     After waiting five months without any further correspondence from OFAC, EKT filed a letter with the agency requesting that OFAC immediately disclose the administrative record and that further delay in processing EKT's request for such records could lead to the filing of this lawsuit.  OFAC neither acknowledged nor responded to EKT's letter and has otherwise continued to ignore EKT's request.

17.     For nearly eight months, EKT has continued to suffer under the weight of U.S. sanctions while its request for notice as to the reasons for those sanctions has been pending before Defendants.  During this time, EKT has had no access to the agency's findings and conclusions supporting his designation nor the evidentiary basis for the agency's action.

**C.     Harm Done to EKT**

18.     Defendants' unlawful action has been devastating to EKT.  EKT has had extensive difficulties sustained its business, as banks, suppliers, and purchasers refrain from engaging in transactions or otherwise doing business with EKT out of fear of their own sanctions exposure.  Given the severity of OFAC's public allegations—i.e., that EKT is somehow connected to Syria's

chemical weapons program—EKT, which is a long-standing member of Lebanon's small business community, has had its reputation destroyed as a result of OFAC's designation.

19.     Defendants acknowledge these devastating costs, which—after all—are the intended effect of their sanctions.  As Defendants have publicly stated, an OFAC designation is intended to create "professional, personal, and financial isolation" for the sanctions target. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, *U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear Weapons Effort* (March 22, 2019).

20.     Defendants have exacted such ruinous costs on EKT, yet they refuse to provide EKT with notice as to the reasons for its action.  Defendants have thus not only imposed a terrible injury on EKT, they have also prevented EKT from taking any meaningful steps to challenge its action.

## LEGAL CLAIMS

## COUNT I

DEFENDANTS' FAILURE TO PROVIDE EKT WITH NOTICE AS TO THE REASONS FOR HIS DESIGNATION VIOLATES EKT'S DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

21.     EKT re-alleges and incorporates by reference as if fully set forth herein the allegations in the preceding paragraphs.

22.     EKT is granted the right to petition Defendants for administrative reconsideration of its designation pursuant to OFAC's delisting procedures located at 31 C.F.R. § 501.807.

23.     Under the Fifth Amendment to the U.S. Constitution, EKT has a due process right to adequate post-designation notice.  Sufficient notice requires Defendants to apprise EKT of the reasons for his designation so that EKT has a meaningful opportunity to respond to the designation,

including through challenging OFAC's conclusions and reasoning and rebutting their evidentiary support for their action.

24.     Defendants have not provided notice with respect to EKT's designation under E.O. 13382.  Defendants have neither disclosed the administrative record underlying their decision to designate EKT nor provided a statement of reasons with respect to that decision.  In doing so, Defendants have failed to disclose the basis for their designation action so as to permit EKT a meaningful opportunity to challenge its designation.  Further, Defendants have negligently handled EKT's requests for that notice.

25.     Defendants have failed to provide EKT with adequate and fair notice for the reasons for his designation under E.O. 13382.  Defendants have thus acted in violation of EKT's due process rights under the Fifth Amendment to the U.S. Constitution.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE EKT WITH NOTICE AS TO THE REASONS FOR HIS DESIGNATION UNDER E.O. 13382 VIOLATES EKT'S DUE PROCESS RIGHTS UNDER THE ADMINISTRATIVE PROCEDURE ACT

26.     EKT re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

27.     EKT is granted the right to petition Defendants for administrative reconsideration of his designation pursuant to OFAC's delisting procedures.

28.     Consistent with its right to administrative reconsideration of its OFAC designation, EKT has an administrative due process right to adequate post-designation notice.  Such notice requires Defendants to provide EKT with the reasons for its decision to designate EKT, including OFAC's findings and conclusions in support of the designation action.

29.     Defendants have failed to provide EKT with the administrative record underlying its designation and have not offered any adequate alternative by which EKT may understand the reasons for its designation.  Because EKT has been denied access to the reasons for his designation, Defendants have failed to provide him with notice and have thus violated his due process rights under the Administrative Procedure Act.

## COUNT III

### DEFENDANTS' DESIGNATION OF EKT UNDER E.O. 13382 AND THE BLOCKING OF HIS PROPERTY CONSTITUTES ARBTIRARY AND CAPRICIOUS ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

30.     EKT re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

31.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

32.     Defendants' decision to designate EKT under E.O. 13382 and to block his property is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*.  Defendants do not have a reasonable basis to believe that EKT meets the criteria for designation under E.O. 13382.

## RELIEF REQUESTED

WHEREFORE, EKT respectfully requests that this Court:

1.     Declare and/or order Defendants to rescind EKT's designation under E.O. 13382 and remove its name from the SDN List;

2.     Order Defendants to disclose the administrative record compiled in support of its decision to designate EKT pursuant to E.O. 13382;

3.      Order Defendants to disclose a full and detailed statement of reasons as to OFAC's decision to designate EKT so as to permit EKT a meaningful opportunity to challenge his designation;

4.      Grant an award to EKT of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

5.      Any other and further relief as the Court may deem proper.


Dated: June 11, 2019


Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
DC Bar No. 978253